JAMES N. CASTLE, *et al.*

*vs.*

LLOYD THOMAS, *et al.*

In an action to recover possession of certain personal property commenced August 15th, 1870, said property, on the 17th day of said August, was taken by the sheriff from defendants' possession on a writ issued under and conformably to the requirements of *Gen. Stat. ch.* 66, *Title* 8, *secs.* 114, 115, 116, 117.

By *ch.* 76, *of Laws of* 1868, *secs.* 115, 116, *and* 117, were repealed, and *sec.* 114 was amended by providing that the plaintiff might indorse upon the affidavit a requisition to the sheriff to take the property, instead of a requisition to the clerk to issue said writ, and that the sheriff should proceed to do so on receipt of such affidavit so endorsed, and of a bond as therein specified: (restoring the mode of procedure in force prior to the adoption of the *Gen. Stat. Held*, that said writ was in no sense process of the court, but void on its face, and that the sheriff in taking the property under it, was a mere trespasser, liable to the defendant in damages, or replevin for the property.

But there is no room for an order to vacate a writ which is void *ab initio*, and on its face.

Therefore an application by the defendant to the district court for an order vacating said writ, and directing the sheriff to return the property, was rightly refused.

A general appearance in the action and plea of property by defendants is not a waiver of the illegality of the taking.

Nor are such illegal proceedings amendable under *Ge* . *Stat. ch.* 66, *sec.* 105.

This is an appeal by the defendants, from an order of the

Castle et al. v. Thomas et al.

district court for Washington county. The case is fully stated in the opinion of the court.

WM. M. McCLUER for Appellants.

CASTLE & MARSH and GEO. L. OTIS for Respondents.

. *By the Court*—RIPLEY, CH. J.—This action was commenced on the 15th of August, 1870, to recover possession of certain railroad ties, or the value thereof, if possession could not be had, with damages for the detention thereof. On the same day, the affidavit of one of the plaintiffs, of their ownership and right to the possession thereof, and its wrongful detention by defendants, its value, and that it had not been taken for a tax, assessment or fine pursuant to a statute, or seized under an execution or attachment against plaintiffs' property, and with the indorsement thereon, by plaintiffs' attorneys, of a requisition to the clerk of the district court, to issue a writ to the sheriff, commanding him to take said property and keep it safely until disposed of according to law—was filed in the office of the clerk. Thereupon, on the same day, a writ was issued by said clerk, directed to the sheriff, reciting that an affidavit of one of the plaintiffs had been made in accordance with the statute in such case made and provided, and that plaintiffs had by an endorsement on said affidavit required the issuance of the writ, and had filed said affidavit as aforesaid, and commanding him, if a bond with sufficient sureties be executed to the defendants, in due form of law, that he take said property and safely keep it till disposed of according to law. These proceedings were taken under and conformably to the requirements of *Gen. Stat., ch.* 66, *Title 8, sec.* 112 *to* 116, and the sheriff by his return on said writ dated

August 17, 1870, certifies, that by virtue of said writ he had duly replevied and taken into his possession the said property, and on the same day had personally served a certified copy of said writ and his return on one of the defendants; proceeding in this respect under *sec.* 117.

On the 20th of August, defendants obtained an order on plaintiffs to show cause why said writ and the proceedings under it should not be vacated, and the sheriff ordered to return the property, for the reason stated in said order, that said writ was wholly unauthorized, and gave the sheriff no authority to take or hold the property.

Upon a hearing on the return of said order, the district court ordered that defendants' motion to vacate the writ be denied, from which they appeal to this court.

By *ch.* 76, *of Laws of* 1868, *secs.* 115, 116, and 117 aforesaid were repealed; and *sec.* 114 was amended, by providing that the plaintiff might indorse upon the affidavit a requisition to the sheriff to take the property, instead of to the clerk to issue the said writ; and that the sheriff should proceed to do so, on receipt of such affidavit and indorsement and a bond as therein specified—being the same mode of procedure prescribed by the laws in force prior to the adoption of the *General Statutes.*

The issuance of the writ in question, was, therefore, wholly unauthorized.

No such process was known to the law.

It was as utterly void on its face as a common law writ of replevin would have been, if the clerk had seen fit to seal one, instead of this.

It was in no sense process of the court.

Purporting to be issued in pursuance of the endorsement aforesaid, it was no justification to the sheriff for taking the property; for every one is presumed to know that no

Castle et al. v. Thomas et al.

authority exists for any such endorsement or writ; and consequently, the proposition above mentioned in the order to show cause was entirely correct.

But it does not follow that the court should vacate the writ and direct the sheriff to return the property.

The order itself shows cause sufficient why it should not. There was no room for an order to vacate a writ which was *ab initio* and on its face null and void.

The sheriff whose authority is limited to the execution of writs directed to him by legal authority, ( *Gen. Stat. ch.* 8, *sec.* 167), was in this instance, a mere trespasser.

Defendants might have replevied the property from him, or brought their action for damages. The order they sought might be a more convenient remedy, but the court had no more power thus to interfere than in any other case of trespass.

The defendants' theory that the sheriff was acting under the authority of the court, evidenced by the seal, and that therefore the court could give him a correct direction, overlooks the fact that the seal was affixed without any authority, and that the officer must be supposed to know that.

And this theory, that the property was taken under process of the court irregularly issued, might perhaps, if adopted, lead farther than defendants would desire, in the direction of the plaintiffs' suggestion as to the effect of their general appearance (by their answer, put in on the 18th of August) as a waiver of any irregularities. But we need hardly say, that if the writ be void, a general appearance in the action, and a plea, as here, of property in defendants, would be no waiver of the illegality of this seizure.

This action lies and may as well be commenced and prosecuted to judgment without this provisional remedy, as an

action for the recovery of money may without the issuance of an attachment.

It is at plaintiff's option, until answer, whether he will claim the immediate delivery of the property to him or not.

A general appearance could no more make this proceeding valid than it would make an attachment good which was a nullity when it was issued.

Nor is this, as plaintiffs suggest that it is, a case in which the court could have permitted plaintiffs to amend their proceedings under *ch.* 66, *sec.* 105.

That refers to cases where the party has failed to take, or to take correctly some step pointed out by the statute under which he is proceeding, not to a proceeding which is taken under no statute whatever.

Order affirmed.